IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL RUFFIN-EL, )
)
        Plaintiff, )
)
    v. ) No: 13 C 1739
)
ST. GOBAIN CONTAINERS, )
)
        Defendant. )

## **MEMORANDUM ORDER**

Michael Ruffin-El (Ruffin-El"), whose prior pleadings have been filed under the names Michael Houston Ruffin Jr. (in the caption of the original Complaint) and simply Michael Ruffin (in the caption of his later Motion for Summary Judgment), has filed an Amended Complaint on the same June 17th day that he appeared to present his summary judgment motion. That Amended Complaint was intended in principal part, as Ruffin-El stated orally on the presentment date, to address the motion by defendant Saint-Gobain Containers, Inc. ("Saint-Gobain")[1] to dismiss the Complaint (1) as untimely filed and (2) in part because of Ruffin-El's asserted failure to exhaust his administrative remedies. This memorandum order is issued to address Saint-Gobain's motion to dismiss in light of the Amended Complaint.

As for the timeliness issue, the original Complaint had stated that Ruffin-El had received EEOC's right-to-sue letter on December 9, 2012 (Complaint ¶ 8(b)), which would bring the March 6, 2013 filing date of the Complaint within the 90-day time frame allowed by statute. That was puzzling, because the photocopy of the right-to-sue letter attached as a Complaint Exhibit showed a September 25, 2012 mailing date.

---

[1] Ruffin-El mistakenly sued Saint-Gobain under the name set out in the caption of this memorandum order, but in the interest of accuracy the correct name will be used in the text.

Now the Amended Complaint has attached a photocopy of an envelope that jibes with the September 25 mailing date but is then stamped with the legend "Return to Sender, Not Deliverable as Addressed, Unable To Forward" and with a September 30, 2012 date. What Ruffin-El has failed to provide is something to support his allegation about having later received the right-to-sue letter more than two months later, on December 9, 2012.

Ruffin-El has also provided an unsatisfactory response to the exhaustion-of-remedies branch of Saint-Gobain's motion. Here is what Ruffin-El stated in his Charge of Discrimination (emphasis added) filed with EEOC on July 25, 2011:

> I believe that I was discriminated against <u>because</u> <u>of</u> <u>my</u> <u>race</u>. Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. Also, I believe I was discriminated against <u>because</u> <u>of</u> <u>my</u> <u>disability</u>, in violation of the Americans with Disabilities Act of 1990, as amended.

Yet Ruffin checked off in Complaint ¶ 9 that he was the victim of discrimination because of his color and national origin, in addition to the two grounds underlined above as specified in the Charge of Discrimination.

In that respect, one attachment to the Amended Complaint contains this statement:

> 4.) The Defendant's (Saint Gobain Containers) claim in #4 are baseless and without merit. The Defendant's Agent or Counsel lacks the depth of perception, that as a Moorish American all "marks" (or trademarks) have been placed on the Plaintiff and his ancestry. As a Moorish American the Plaintiff is Sovereign in his National Origin, in addition the Plaintiff (Michael Ruffin El), was marked as Black, Negro and/or Colored. The Plaintiff took exhaustive measures to allow for negotiation with Defendant, therefore the "Right to Sue" notice from EEOC is the "prerequisite" before filing the private lawsuit in Federal Court.
>
> The Plaintiff affirms that as a Moorish American he uniquely suffers from all marks or "trademarks" placed upon human property and/or slaves.

This Court sees no problem with the Complaint's inclusion of discrimination based on <u>color</u>, for the Charge of Discrimination does refer to "Black", which was the most common term previously used to refer to the color of African Americans as well as to their race. But the same cannot be said of "national origin," as to which Ruffin-El's mindset as reflected in the above quoted statement does

2

not conform to the common understanding and intended meaning of that term. Unless Ruffin-El can provide something more persuasive, Saint-Gobain's motion to strike that assertion on non exhaustion grounds will be granted.

This Court has earlier set July 3 as the due date for Ruffin-El's response, and the same date has been set for the next status hearing. Because this Court has no desire to compel Ruffin-El to make the long trip to the courthouse,[2] if he can manage to file his response in time so that this Court can read it over before the July 3 status date, it would be much appreciated. If, however, it is inconvenient for him to submit his filing until July 3, this Court will accept it at that time. [3]

                                                                               Milton I. Shadur
                                                                               Senior United States District Judge

Date: June 20, 2013

---

[2] Ruffin-El should understand that he need not make a trip from Arizona to be in Court for the July 3 status hearing. If he wishes to participate by telephone instead, he should provide this Court with his Arizona telephone number before the status date, and this Court's courtroom deputy will place a call so that he can participate telephonically.

[3] Ruffin-El should understand that this is <u>not</u> a modification of this Court's earlier schedulings.

3