```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

MICHAEL RUFFIN-EL,              )
                                )
          Plaintiff,            )
                                )
    v.                          )    No.  13 C 1739
                                )
ST. GOBAIN CONTAINERS,          )
                                )
          Defendant.            )

## MEMORANDUM ORDER

Pro se plaintiff Michael Ruffin-El ("Ruffin-El") continues to have difficulty in coming to grips with one of the objections interposed by his ex-employer Saint-Gobain Containers, Inc. ("Saint-Gobain") to his lawsuit charging it with employment discrimination. Ruffin-El has just filed what he captions as his "2nd Amended Complaint," in which he continues to stress what he labels as his Moorish American status, so that he begins his current Statement of Claim in this fashion:

> The Plaintiff affirms he is not from the African continent, that he and his ancestry are indigenous to the land of present-day America.

This Court has great respect for, and has no desire to challenge, Ruffin-El's beliefs and self-image. But what he does not focus on at all is the limited nature of Saint-Gobain's objection in that respect--an objection that is graphically demonstrated by the contrast between his original Complaint and the Charge of Discrimination that he lodged with EEOC as a prelude to filing suit:

1. Complaint ¶9 provides a pro se plaintiff with the opportunity to check one or more of several boxes to identify the ground or grounds on which an employer assertedly discriminated against the plaintiff employee or ex-employee. In this instance Ruffin-El checked four such grounds, including "National Origin" (Complaint ¶9(d)).

2. But when Ruffin-El had lodged his Charge of Discrimination ("Charge") with EEOC back in July 2011, that form also gave him a choice of a number of possible bases for the alleged discrimination, again including "NATIONAL ORIGIN" among them. Ruffin-El left that box blank, instead placing an "X" only in the boxes labeled "RACE" and "DISABILITY." And those choices, including the omission of any "national origin" charge, were reconfirmed by the Charge's narrative "particulars" that followed the form's designation of discrimination categories:

> I believe that I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. Also I believe I was discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

In light of those facts, the portion of Saint-Gobain's motion to dismiss that targets Ruffin-El's presently asserted claim of "national origin" discrimination must be and is granted, and the unbidden and unauthorized 2nd Amended Complaint is stricken. In addition, Ruffin El's ill-considered motion for

summary judgment is denied without prejudice.

Because this Court's June 20 memorandum order had granted Ruffin-El until July 3 to file a response to the "national origin" aspect of Saint-Gobain's motion to dismiss, nothing further will be required in that respect. Instead the July 3 status hearing, which had been set to coincide with that due date for filing, will be used to discuss other aspects of the case.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:  June 28, 2013