IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL RUFFIN-EL,            )
                              )
            Plaintiff,        )
                              )
       v.                     )       No: 13 C 1739
                              )
ST. GOBAIN CONTAINERS,        )
                              )
            Defendant.        )

## MEMORANDUM OPINION AND ORDER

This Court has been puzzled from the outset by more than one disconnect between (1) the allegations of the employment discrimination Complaint brought by pro se plaintiff Michael Ruffin-El ("Ruffin-El") against Saint-Gobain Containers, Inc. ("Saint-Gobain") and (2) the documents that he has attached as exhibits to the Complaint -- disconnects that bear on its timeliness or untimeliness:[1]

   1.   Complaint ¶7.1(a)(I) refers to Ruffin-El having filed a Charge of Discrimination with EEOC on or about February 6, 2012, although the photocopy of the Charge of Discrimination attached to the Complaint was signed by him in July <u>2011</u> and bore an EEOC "RECEIVED" stamp dated July

---

[1] Before now this Court's June 28, 2013 memorandum order had dealt with Ruffin-El's improper effort to include "national origin" discrimination as an additional ground for his lawsuit even though that ground had not been included in his administrative Charge of Discrimination.

25, 2011.[2]

    2.    Complaint ¶8(b) alleges that Ruffin-El received EEOC's right-to-sue letter on December 9, 2012, even though the right-to-sue letter attached to the Complaint, which notified him of a 90-day deadline for filing suit, was dated September 25, 2012 (2-1/2 months earlier).

    3.    Another exhibit to the Complaint was a February 21, 2013 letter from an Indiana law firm declining to take on Ruffin-El's case and suggesting that he file a pro se action to perserve his legal rights. That letter referred to Ruffin-El's representation that he received a "second right-to-sue notice" on December 10, 2012, so that he had until March 11, 2013 to file suit. But nothing suggests the existence of any "second right-to-sue notice" -- instead that December 2012 date had to have been the time, referred to in Complaint ¶8(b), that Ruffin-El received the original September 25, 2012 letter when it was remailed (more of this later).

Saint-Gobain understandably moved to dismiss all of Ruffin-

---

[2] If the unexplained February 2012 date refers to a Charge of Discrimination different from the one attached to the Complaint, that Charge would have been untimely in any event, for Ruffin-El's discrimination claims are based on the failure of Saint-Gobain to have hired him in November 2010, more than 300 days before the February 2012 date. In that respect the July 2011 Charge of Discrimination attached to the Complaint listed November 22, 2010 as the latest date on which discrimination had taken place.

El's claims on the basis of the lawsuit's asserted untimeliness. Although its motion specified other grounds for dismissal as well, this memorandum opinion and order will limit itself to the question of timeliness without speaking to those other possible grounds.

Added light was cast on the issue of timeliness vel non when Ruffin-El filed a self-prepared Amended Complaint, using a different Clerk's-Office-supplied form from the one he had employed for the original Complaint. Here is Ruffin-El's relevant assertion from the Amended Complaint's Statement of Claim (its Paragraph IV):

> Plaintiff filed complaint on March 6th in year 2013. The Plaintiff did receive notice to sue on December 6th, 2012. The E.E.O.C. (Equal Employment Com.), originally mailed notice to the Plaintiff's previous address.

And Ex. A to the Amended Complaint was a photocopy of an envelope that showed a September 25, 2012 mailing by EEOC and contained this stamped legend:

> RETURN TO SENDER
> NOT DELIVERABLE AS ADDRESSED
> UNABLE TO FORWARD

Another photocopied EEOC envelope, also part of Ex. A, showed a December 3, 2012 mailing to Ruffin-El at an address in Gilbert, Arizona, totally different from the address (414 W. Brinkley Loop, Apt. 8, Marion, Arizona) that Ruffin-El had furnished EEOC in his Charge of Discrimination -- and of course the right-to-sue letter that was sent in September 2012 had understandably been

directed to that earlier address as well.

All of that being so, Ruffin-El has pleaded himself out of court on untimeliness grounds under the established authority in this Circuit (and elsewhere as well). Nearly three decades ago our Court of Appeals held in St. Louis v. Alverno Coll., 744 F.2d 1314, 1316-17 (7th Cir. 1984) that any claimant such as Ruffin-El had the express burden of keeping EEOC apprised of any change in the claimant's address from the one originally furnished to that agency:

> Since 1977 people who have filed charges with the EEOC have been required to notify the Commission of any change of address. 42 Fed.Reg. 27,833 (Sept. 22, 1977). The regulation, 29 C.F.R. § 1601.7(b)(1981), makes mandatory that which was dictated already by common sense. The regulation provides that a person who has filed a Title VII charge "has the responsibility to provide the Commission with notice of any change in an address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." Id.
>
> The burden of providing the EEOC with changes of address is minimal. It is unreasonable to expect the EEOC to pore over its files, and those of state administrative agencies, in an effort to ascertain which of the addresses contained therein is correct. We would then undoubtedly hear cases in which the EEOC had made a good-faith effort to find a claimant's current address but had guessed wrong and sent the notice fo the wrong place. The claimant is obviously in a far better position to ensure that the Commission has current, accurate information and to provide that information in much less time than it would take an EEOC employee to go though the claimant's file.

After referring to decisions by other courts that had reached the same conclusion, St. Louis, id. at 1317 announced the Court of Appeals' bottom-line holding:

4

In this case, however, plaintiff's failure to tell the EEOC that he moved was not an event beyond his control. Accordingly, we hold that the ninety-day limit began running on the date the notice was delivered to the most recent address plaintiff provided the EEOC.

Nor has the passage of time altered that analysis. <u>Bobbitt v. Freeman Cos</u>., 268 F.3d 535 (7th Cir. 2001) affirmed a decision by this Court that had dismissed an employment discrimination on the same ground. Here is the comparable language from <u>Bobbitt</u>, id. at 538 (case citations other than <u>St. Louis</u> omitted:

> A Title VII plaintiff must file her suit within 90 days from the date the EEOC "gives notice" of her right to sue. In most situations, the statutory 90-day filing period commences when the plaintiff receives actual notice of her right to sue. However, when the claimant does not receive the notice in a timely fashion due to her own fault, the "actual notice" rule does not apply. <u>St. Louis v. Alverno College</u>, 744 F.2d 1314, 1316-17 (7th Cir. 1984). For example, if a claimant fails to notify the EEOC of a change of address, then the claimant cannot later rely on the "actual notice" rule. Id. at 1317.

In short, Saint-Gobain's motion seeking dismissal of all of Ruffin-El's claims because they were untimely filed is soundly grounded in legal doctrine that is binding on this Court. Because the statutory 90-day clock began to tick a few days after EEOC first mailed its right to sue letter on September 25, 2012,[3] Ruffin-El's March 2013 Complaint was filed more than two months

---

[3] That tacking on of a few days is to allow for the time normally required for transmittal of the mail from the sender to the recipient

too late.  Saint Gobain's motion to dismiss this action is granted.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Dated:    July 12, 2013